1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9
10

CHRISTINA GONZALEZ, et al.,

Case No.: 1:20-cv-00912-NONE-JLT

11

Plaintiff,

ORDER CONSOLIDATING THE ACTIONS

12

v.

13

STATE OF CALIFORNIA, et al.,

14

Defendants.

15

Case No. 1:20-cv-01298 NONE JLT

16

JEWELINA GONZALEZ,

17

Plaintiff,

18

v.

19

KYLE NUNEZ, et al.,

20

Defendants.

21
22

All parties agree these cases should be consolidated for all purposes. *Gonzalez v. Nunez*,

23

Case No.1:20-cv-01298 NONE JLT (Doc. 16 at 12); *Gonzalez, et al., v. State of California*, Case

24

No. 1:20-cv-00912 NONE JLT (Doc. 20 at 2).

25

The Court may consolidate actions involving a common question of law or fact, and

26

consolidation is proper when it serves the purposes of judicial economy and convenience.

27

Fed.R.Civ.P. 42(a). The Ninth Circuit explained that the Court "has broad discretion under this rule

28

to consolidate cases pending in the same district." *Investors Research Co. v. United States District*

1

*Court for the Central District of California*, 877 F.2d 777 (9th Cir. 1989). In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).  In these actions, the plaintiffs bring similar claims and they present similar questions of fact and law.

Consolidation would serve the purposes of preserving judicial and party resources and would avoid inconsistent rulings.  Because both cases are in their infancy, the Court anticipates little risk of delay, confusion, or prejudice if the matters are consolidated. Consequently, consolidation is appropriate. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). Therefore, the Court **ORDERS**:

1.      The cases are ordered consolidated for all purposes, including trial;

2.      The parties are instructed that all future filings SHALL use the caption set forth above in the earlier-filed case and **SHALL** use case number 1:20-cv-00912-NONE-JLT;

3.      The scheduling order issued in *Gonzalez v. Nunez*, Case No.1:20-cv-01298 NONE JLT will apply to the consolidated case.  The Clerk of Court is DIRECTED to serve a copy of the scheduling order on counsel in *Gonzalez, et al., v. State of California*, Case No. 1:20-cv-00912 NONE JLT.  I after reviewing the order, counsel in *Gonzalez, et al., v. State of California*, Case No. 1:20-cv-00912 NONE JLT believe the case schedule is unworkable, they may file a stipulation to amend the case schedule.

4.      The scheduling conference scheduled in *Gonzalez, et al., v. State of California*, Case No. 1:20-cv-00912 NONE JLT on December 14, 2020, is VACATED.


IT IS SO ORDERED.

    Dated:    **December 7, 2020**                    _____**/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

2