LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333; Fax: (818) 347-4118
dalekgalipo@yahoo.com

LAW OFFICE OF DARRELL J. YORK
Darrell J. York (SBN 145601)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Telephone: (661) 362-0828; Fax: (877) 221-3306
Email:  djylaw@gmail.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA GONZALEZ, ANJELICA GONZALEZ, and VICTORIA GONZALEZ, individually and as successors in interest to JASON GONZALEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; CHRISTOPHER CEASER; SCOTT WHITTAKER; JUAN VIDAL; RYAN PATRICK; KYLE NUNEZ; ANDREW MACK; and DOE CHP OFFICERS 7-10, inclusive,<br><br>Defendants. | **Case No.** 1:20-CV-00912-NONE JLT<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES:**<br>1. Unreasonable Search and Seizure— Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure— Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process— (42 U.S.C. § 1983)<br>4. Battery (Wrongful Death and Survival Action)<br>5. Negligence (Wrongful Death and Survival Action)<br>6. Bane Act (Cal. Civil Code 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs CHRISTINA GONZALEZ, ANJELICA GONZALEZ AND VICTORIA GONZALEZ, individually and as successors in interest to JASON GONZALEZ, upon information and belief alleges the following:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages for the death of JASON GONZALEZ ("DECEDENT") at the hands of one or more California Highway Patrol officers on August 30, 2019. Plaintiff CHRISTINA GONZALEZ is the surviving spouse of DECEDENT. Plaintiffs ANJELICA GONZALEZ AND VICTORIA GONZALEZ are the surviving children of DECEDENT.

2. Each Defendant proximately caused Plaintiff's and DECEDENT's injuries and is liable directly, by integrally participating or failing to intervene in the actions or inactions that caused the death of DECEDENT, by engaging in other acts and/or omissions around the time of the death that resulted in the death of DECEDENT, or under principles of supervisory liability.

## JURISDICTION AND VENUE

3. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Kern, California.

/ / /
/ / /

# PARTIES

5. At all relevant times, DECEDENT was an individual residing in the County of Kern, California. He died on September 4, 2019, after an apparent altercation with certain California Highway Patrol officers. DECEDENT would have been the plaintiff in the survival causes of action alleged herein if he had lived.

6. Plaintiff CHRISTINA GONZALEZ is the surviving wife of DECEDENT and a successor in interest to DECEDENT. CHRISTINA GONZALEZ sues in her individual capacity and also as a successor in interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60(a). CHRISTINA GONZALEZ seeks wrongful death and survival damages under federal law. Plaintiff CHRISTINA GONZALEZ has filed a declaration as required by California Code of Civil Procedure §377.32 in the state action prior to the removal of this case to the United States District Court.

7. Plaintiffs ANGELICA AND VICTORIA GONZALEZ are the surviving children of DECEDENT and as successors in interest to DECEDENT. They sue in their individual capacity and also as successors in interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60(a). They filed a declaration as required by California Code of Civil Procedure §377.32 in the state action prior to the removal of this case to the United States District Court.

8. Defendant STATE OF CALIFORNIA (the "STATE") is a duly created and existing public entity. The STATE operates and manages the California Highway Patrol ("CHP") and is and at all relevant times was responsible for the management and overseeing of the CHP, for the actions or inactions of the Defendants, and for the policies, practices and/or customs relating to the CHP. At all relevant times the STATE was the employer of the Defendants.

9. Defendant CHRISTOPHER CEASER is an officer working for the California Highway Patrol. At all relevant times, CEASER was acting under color

of law within the course and scope of his duties as an officer for the California Highway Patrol. CEASER was acting with the complete authority and ratification of his principal, Defendant STATE.

10. Defendant SCOTT WHITTAKER is an officer working for the California Highway Patrol. At all relevant times, WHITTAKER was acting under color of law within the course and scope of his duties as an officer for the California Highway Patrol. WHITTAKER was acting with the complete authority and ratification of his principal, Defendant STATE.

11. Defendant JUAN VIDAL is an officer working for the California Highway Patrol. At all relevant times, VIDAL was acting under color of law within the course and scope of his duties as an officer for the California Highway Patrol. VIDAL was acting with the complete authority and ratification of his principal, Defendant STATE.

12. Defendant RYAN PATRICK is an officer working for the California Highway Patrol. At all relevant times, PATRICK was acting under color of law within the course and scope of his duties as an officer for the California Highway Patrol. PATRICK was acting with the complete authority and ratification of his principal, Defendant STATE.

13. Defendant KYLE NUNEZ is an officer working for the California Highway Patrol. At all relevant times, NUNEZ was acting under color of law within the course and scope of his duties as an officer for the California Highway Patrol. NUNEZ was acting with the complete authority and ratification of his principal, Defendant STATE.

14. Defendant ANDREW MACK is an officer working for the California Highway Patrol. At all relevant times, MACK was acting under color of law within the course and scope of his duties as an officer for the California Highway Patrol. MACK was acting with the complete authority and ratification of his principal, Defendant STATE.

15. Defendant DOES 7-8 ("DOE OFFICERS") are or at all relevant times were, highway patrol officers employed by CHP and the STATE, acting under color of law within the course and scope of their duties and offices and with ratification by the CHP.

16. Defendant DOES 9-10 are managerial, supervisorial, and policymaking employees of the CHP and the STATE, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the STATE and CHP. DOES 7-10 were acting with the complete authority and ratification of their principal, Defendant STATE.

17. Plaintiff alleges on information and belief that each of such DOE CHP OFFICERS 7-10 are responsible in some manner and to some extent liable for the injuries alleged herein. The true names and/or capacities of such DOE CHP OFFICERS 7-10 are unknown to Plaintiff at this time. Plaintiff will seek to amend this Complaint to show the true names and capacities of these defendants when they have been ascertained. Defendant DOE CHP OFFICERS 7-10 are sued in their individual capacities.

18. Plaintiff is informed and believes and thereon alleges that each Defendant is, and at all relevant times was, the agent, employee, representative, successor, and/or assignee of each other Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged herein, was acting within the scope of his or her actual and apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

19. Each Defendant was acting under color of state law and within the scope of his or her employment to the extent such Defendant acted or omitted to act as alleged herein.

20. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants DOES 7-10 and the STATE.

21. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 7-10 were acting on the implied and actual permission and consent of the STATE.

22. Defendant DOES 7-10 are directly liable for Plaintiff's and DECEDENT's injuries under federal law and state law.

23. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

24. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

25. DOES 7-10 are sued in their individual capacity.

26. Plaintiffs have complied with all applicable prerequisites to filing suit and timely filed a governmental tort claim under California Government Code §910. CHRISTINA GONZALEZ's complaint was filed with the State of California on or about November 25, 2019. Her claim was rejected on January 3, 2020. ANJELICA and VICTORIA GONZALEZ filed their claim with the State of California on January 21, 2020, and this claim was rejected on June 5, 2020. This action was timely filed pursuant to California Government Code § 945.6.

/ / /

/ / /

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

27.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1-26 of this Complaint with the same force and effect as if fully set forth herein.

28.   On or about August 30, 2019, at approximately 11 a.m., DECEDENT was initially detained by Defendants MACK and NUNEZ; with Defendants VIDAL, WHITTAKER, CEASAR, and PATRICK arriving shortly thereafter while DECEDENT was on Highway 58 in the City of Bakersfield.  Defendants deployed Oleoresin Capsicum (OC) spray against DECEDENT at least twice.

29.   A physical altercation occurred between DECEDENT and Defendants MACK, NUNEZ, VIDAL, WHITTAKER, CEASAR, and PATRICK where DECEDENT ended up on the ground with Defendants using their body weight to hold DECEDENT on the ground.  Defendants proceeded to use a Taser on DECEDENT several times, and then used the Taser in "drive stun" mode at least an additional four (4) times.  During this altercation Defendants also beat, kicked, stomped on DECEDENT'S head and/or neck area.  DECEDENT thereupon collapsed and fell into a nonresponsive state.  Defendants failed to do CPR or provide any medical assistance to DECEDENT when he went into the nonresponsive state.

30.   Rather, while DECEDENT was prone, Defendants proceeded to apply a nylon leg restraint device, even after noticing the DECEDENT was not sweating even though it was a warm day, and the parties had just had a physical altercation.  Defendant CEASAR noticed the DECEDENT had a "thousand-yard stare," yet Defendants continued to apply the leg restraint, hog tied DECEDENT, and kept DECEDENT in a prone position.

31.   DECEDENT was transported to Kern Medical Center, and shortly thereafter declared deceased.  CHRISTINA GONZALEZ spoke with the medical staff at Kern Medical Center regarding DECEDENT's condition.  She was told by the medical staff that there were no signs of visible trauma.  However,

CHRISTINA GONZALEZ was able to view DECEDENT at the hospital immediately after his passing and she saw bruising all over DECEDENT's face.

32. The coroner's findings indicated that DECEDENT died due to "complications from a physical altercation and neck compressions."

33. Plaintiffs ANGELICA AND VICTORIA GONZALEZ are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural children of DECEDENT.

34. Plaintiff CHRISTINA GONZALEZ is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the spouse of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**
(By Plaintiffs Against Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK)

35. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, MACK's unjustified actions resulting in DECEDENT's death deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37. The use of force as described herein was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the incident. DECEDENT was unarmed, and no

weapon was ever recovered or found on or near the DECEDENT. Plaintiffs also contend that tasing DECEDENT multiple times was excessive.

38. As a result of use of the OC spray, the beating, and the tasing, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.

39. Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK's uses of force violated their training and standard police officer training.

40. As a result of their misconduct, Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK are liable for DECEDENT's injuries, either because they were integral participants in the use of excessive force or because they failed to prevent these violations.

41. The conduct of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK.

42. Plaintiffs bring this claim in each case as a successor in interest to DECEDENT, and in each case seek survival damages for the violation of DECEDENT's rights. This includes the pre-death pain and suffering, loss of life, and loss of enjoyment of life experienced by the DECEDENT from the time of the incident up until the time of his death several days later at the hospital. Plaintiffs also seek attorney's fees under this claim.

/ / /
/ / /
/ / /

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiffs Against Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK)

43. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44. The denial of medical care by Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45. Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

46. As a result, DECEDENT suffered extreme pain and suffering and eventually lost his life and earning capacity.

47. The conduct of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK.

48. As a result of their misconduct, Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK are liable for DECEDENT's injuries, either because they were integral participants in the use of excessive force and denial of medical care, or because they failed to intervene to

prevent these violations.

49. Plaintiffs bring this claim in each case as a successor in interest to DECEDENT, and in each case seek survival damages for the violation of DECEDENT's rights. Plaintiffs also seek attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF
### Substantive Due Process (42 U.S.C. § 1983)
(By Plaintiffs Against Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK)

50. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. Plaintiff CHRISTINA GONZALEZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her husband, DECEDENT.

52. Plaintiffs ANJELICA and VICTORIA GONZALEZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with their father, DECEDENT.

53. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

54. The aforementioned actions of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

55. Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK acted under color of law.

56. As a direct and proximate cause of the acts of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.

57. Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK thus violated the substantive due process rights of Plaintiffs and DECEDENT to be free from unwarranted interference with their familial relations, or relationships with one another.

58. As a direct and proximate result of the actions of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

59. The conduct of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK.

60. Plaintiffs bring this claim in their individual capacities, and seek wrongful death damages for the violation of their rights. Plaintiffs seek attorney's fees under this claim. Plaintiffs also are claiming medical expenses, loss of

financial support, funeral and burial expenses.

## FOURTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death and Survival Action)

(By Plaintiffs Against Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, MACK, and STATE)

61. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62. Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK, while working as a traffic officers for the STATE and the California Highway Patrol and acting within the course and scope of their duties, tased, beat, kicked, and stomped on DECEDENT'S head and/or neck area. As a result of the actions of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and also lost his earning capacity. Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK had no legal justification for using force against DECEDENT. Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK's uses of force while carrying out their duties as a traffic officers was excessive and objectively unreasonable, particularly because DECEDENT was unarmed and did not pose an immediate threat to the life of any individual, including any officer.

63. As a direct and proximate result of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK's conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity. Also, as a direct and proximate result of Defendants' conduct as alleged above,

Plaintiffs have suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

64.   The STATE is vicariously liable for the wrongful acts of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

65.   The conduct of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages as to Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK.

66.   As a direct and proximate result of the conduct of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure 377.34.

67.   Plaintiffs bring this claim in each case as a successor in interest to DECEDENT, and in each case seek both survival and wrongful death damages for the violation of DECEDENT's rights.

### FIFTH CLAIM FOR RELIEF
**Negligence (Cal. Govt. Code § 820 and California Common Law)**
(Wrongful Death and Survival Action)
(Against All Defendants)

68.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth

herein.

69.     Defendants, including CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

70.     The actions and inactions of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK breached this duty of care and were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to and use force or deadly force against DECEDENT;

    (b) the negligent tactics and handling of the situation with DECEDENT, including the multiple uses of both the OC spray and Taser, striking him in the head, and using bodily force to compress his neck and throat;

    (c) the failure to provide prompt medical care to DECEDENT;

    (d) the failure to properly train and supervise employees, both professional and non-professional, including CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK;

    (e) the failure to ensure that adequate numbers of employees with the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT.

71.     As a direct and proximate result of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK's conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity. Also, as a direct and proximate result of Defendants' conduct as alleged above,

Plaintiffs have suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

72. The STATE is vicariously liable for the wrongful acts of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

73. As a direct and proximate result of the conduct of CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure 377.34.

74. Plaintiffs bring this claim in each case as a successor in interest to DECEDENT and seek wrongful death and survival damages for the violation of DECEDENT's rights. Plaintiffs also are claiming funeral and burial expenses.

## SIXTH CLAIM FOR RELIEF
**(Violation of Cal. Civil Code § 52.1)**
**(Against All Defendants)**

75. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights, which can be shown by a reckless disregard for that person's civil rights.

77. On information and belief, Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK, while working for the STATE, and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including tasing, beating, kicking and stomping on his head and neck without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

78. Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property when they used such force and violence upon him to cause him to go into a non-responsive state and then CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK failed to provide him with immediate medical care.

79. On information and belief, Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

80. On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK were intended to discourage DECEDENT from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

81. Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK, successfully interfered with the above civil rights of DECEDENT.

82. The conduct of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, and MACK was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

83. The STATE is vicariously liable for the wrongful acts of Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, MACK, and DOES 7-8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

84. Defendants DOES 9-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

85. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to Defendants CEASER, WHITTAKER, VIDAL, PATRICK, NUNEZ, MACK.

86. Plaintiffs bring this claim in each case as a successor in interest to DECEDENT and seek survival damages for the violation of DECEDENT's rights. Plaintiffs also seek attorney's fees and a multiplier under this claim pursuant to Cal. Civ. Code §52 et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants, as follows:

- A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;
- B. For funeral and burial expenses, and loss of financial support;
- C. For punitive damages against the individual defendants in an amount to be proven at trial;
- D. For interest;
- E. For reasonable costs of this suit and attorneys' fees; and
- F. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: March 4, 2021        LAW OFFICES OF DALE K. GALIPO
                            LAW OFFICE OF DARRELL J. YORK

                            By:   /s/ Dale K. Galipo
                                  Dale K. Galipo
                                  Darrell J. York
                                  Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

DATED: March 4, 2021         LAW OFFICES OF DALE K. GALIPO
                             LAW OFFICE OF DARRELL J. YORK


                             By:  */s/ Dale K. Galipo*
                                  Dale K. Galipo
                                  Darrell J. York
                                  Attorneys for Plaintiffs