UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA GONZALEZ, ET. AL., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, ET. AL., <br><br> Defendants. | Case No.  1:20-cv-00912-JLT-BAK <br><br> FINDINGS AND RECOMMENDATIONS TO GRANT UNCONTESTED PETITION FOR APPROVAL OF MINOR'S COMPROMISE <br><br> (Doc. No. 62) |

On July 21, 2022, Plaintiff J.G., a minor, by and through her mother and guardian ad litem Jessica Soliz, filed an uncontested petition for approval of minor's compromise.[1]  (Doc. No. 62). Having considered the uncontested petition, the terms of the settlement, and the record in this matter, the undersigned finds that the proposed settlement agreement and the method of disbursement is fair and reasonable.  For the reasons that follow, the undersigned recommends granting Plaintiff's Petition for Minor's Compromise.[2]

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).  *See also* Minute Order at Doc. No. 63.

[2] Because the motion is uncontested and the memorandum in support of the petition adequately sets forth the information required under Local Rule 202(b), there is good cause to approve the settlement without a hearing.

# I. BACKGROUND

Plaintiffs Christina Gonzalez, Anjelica Gonzalez, and Victoria Gonzalez initiated this action on May 27, 2020, in Kern County Superior Court.  The complaint alleged multiple claims, including federal claims for relief under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments.  (*See* Doc. No. 1-1).  The claims arise out of alleged excessive force by Defendants, resulting in the death of Jason Gonzalez.  (*See* Doc. No. 28)  The matter was removed to this Court on June 30, 2020.  (Doc. No. 1).

On September 10, 2020, J.G., by and through her mother and guardian ad litem Jessica Soliz, initiated an action alleging similar claims for relief under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments, arising out of the same facts.  (*See Gonzalez v. Nunez*, 1:20-cv-01298-NONE-JLT, Doc. No. 1).  On September 23, 2020, the Court appointed Jessica Soliz as J.G.'s guardian ad litem.  (*Id*. at Doc. No. 5).  On December 7, 2020, the Court consolidated the instant action and the later-filed *Gonzalez v. Nunez*, 1:20-cv-01298-NONE-JLT for all purposes, as the plaintiffs were found to bring similar claims and present similar questions of fact and law.  (Doc. No. 21).

On June 17, 2022, the parties participated in a settlement conference before Magistrate Judge Helena M. Barch-Kuchta, and the parties reached a settlement.  (Doc. No. 59).   Plaintiff J.G., through her guardian ad litem, filed the instant uncontested petition for minor's compromise on July 21, 2022.  (Doc. No. 62).

# II. APPLICABLE LAW

The Local Rules for this district provide that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise."  L.R. 202(b).  The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected.  Toward this end, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances

>out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c).

Federal Rule of Civil Procedure 17(c) similarly imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). However, in *Robidoux*, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel" and "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

### III.   ANALYSIS

The petition for approval of the settlement on behalf of the minor J.G. sets forth the information required by Local Rule 202(b)(2). Plaintiff J.G. was a female minor who was seventeen at the time the petition was filed. (Doc. No. 62 at 2). Here, the petition explains that Jason Gonzalez, deceased father of J.G.,

had been walking in his socks on Highway 58 on August 30, 2019, a multiple lane freeway with a speed limit of 65 miles an hour when CHP [California Highway Patrol] was called out to monitor the situation. Mr. Gonzalez ran across lanes of traffic in the presence of CHP officers after an unknown vehicle stopped to offer him a ride. Mr. Gonzalez had consumed PCP and methamphetamine at some point before this incident. He continued walking on the inside shoulder of the highway, and CHP officers eventually tackled him and handcuffed him so he couldn't create a danger to himself or the general public. Mr. Gonzalez suffered broken cartilage in his throat at some point during the incident. It was not clear from discovery who inflicted the injury, though it appears most likely Officer Mack had his arm around Jason Gonzalez's throat as he brought him to the pavement. Mr. Gonzalez eventually lost consciousness at the scene, where CPR was applied, and died of asphyxiation, at least according to the coroner and an expert forensic pathologist retained by the plaintiffs' attorneys. Defendants had also retained a number of medical experts who were of the opinion the drugs in Mr. Gonzalez's system caused his death.

(*Id*. at 2-3).

### A. Terms of Settlement

The total settlement in this case is $2,000,000.00. (*Id.* at 2.). According to the petition, the four named plaintiffs agreed before the settlement conference that any settlement would be split evenly among Christina Gonzalez, decedent's wife at the time of his death, and decedent's three daughters; thus, under the plaintiffs' agreement, J.G. is entitled to compensation in the amount of $500,000.00. (*Id*. at 3). After subtracting for attorney fees and costs, the net proposed settlement amount to J.G. is $349,164.08. (*Id.*). Petitioners request the Court to allow the funds to be placed in a blocked account at Bank of America where it cannot be withdrawn, and that the funds be available to J.G. on or after her eighteenth birthday, September 5, 2022.

### B. Proposed Attorney Fees and Costs

Plaintiff is represented by Thomas A. Brill of The Law Offices of Young Wooldridge, LLP. Counsel attests he has spent 259.7 hours working on this matter and attaches an exhibit identifying a breakdown of the costs. (Doc. No. 62 at 8-13). Notably there were 29 witness and party depositions and nine expert witness depositions. According to the petition, Plaintiff J.G. and her attorney, entered into a retainer agreement in which they agreed to 25% attorney fees after costs.

(*Id*. at 4).³  Thus, out of J.G.'s share of the settlement proceeds, Plaintiff' counsel will be awarded fees and costs in the total amount of $150,835.92, representing $34,447.89 in costs and $116,338.03 in attorneys' fees (25% of $465, 552.11).  (*Id.* at 5.).  Plaintiff's counsel represents to the Court that he did not become involved in this matter at the request of any party against whom any cause of action is asserted, does not stand in any relationship with any of the parties being sued, and the only compensation Plaintiff's counsel will receive is the agreed upon contingency fee requested.  (*Id*.).

Based upon the actions taken by counsel, and the fact that Plaintiff's guardian ad litem indicates her assent to the fees and costs requested, the Court finds the award is fair and reasonable.  (*See* Doc. No. 62 at 5).

**C. Recovery in Similar Actions**

As noted above, the Court must consider the outcome of similar cases to determine whether the sum to settle the minor's claims is reasonable.  *See Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 F.2d at 1363 ("a court must independently investigate and evaluate any compromise or settlement of minor's claims to assure itself that the minor's interests are protected" even if the settlement is recommended by the minor's parent or guardian ad litem).

Here, the uncontested petition identified similar actions to support approval of the minor's compromise, and after independent review of similar actions in this district, the Court finds the recovery is appropriate considering the amounts received in other actions.  *See, e.g., Estate of Casimero Casillas v. City of Fresno*, 2021 WL 3674517 (E.D. Cal. Aug. 19, 2021) (approving net amount of $450,450.00 distributed to each minor in wrongful death and excessive force action against city and police officers); *E.S. ex rel. Gonzalez v. City of Visalia*, No. 1:13-cv-01697-LJO-BAM, 2015 WL 6956837 (E.D. Cal. Nov. 3, 2015) (approving settlement of a minor's claim for a net amount of $130,444.83 in an action involving his father's fatal shooting by police), *report and recommendation adopted*, No. 1:13-cv-01697-LJO-BAM, 2015 WL 13215675 (E.D. Cal. Nov. 20, 2015).

---

³ A copy of the retainer agreement is not appended to the petition.

Based on the information provided in the petition and the supporting documents and considering the totality of the facts and circumstances of this case, the undersigned finds the settlement serves the best interests of the minor plaintiff J.G. and is fair and reasonable in light of the facts of the case, the specific claim, and recoveries in similar cases.

Accordingly, **IT IS RECOMMENDED**:

1. The uncontested Motion for Approval of Minor's Compromise be **GRANTED**, and the terms of the settlement, including attorney's fees, and the minor's net compensation of $349,164.08 to be placed in a blocked account at Bank of America where it cannot be withdrawn and available to J.G. until her eighteenth birthday on September 5, 2022 be **APPROVED IN FULL** as fair and reasonable.

2. The parties be **DIRECTED** to file with the Court a stipulation for dismissal of the action with prejudice, and lodge a separate order, no later than 45 days after these findings and recommendations are adopted.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 1, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE